*Gnplin*

FILED
SUPERIOR COURT
OF GUAM

2013 APR 29 PM 4: 42

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TELEGUAM HOLDINGS LLC AND ITS WHOLLY OWNED SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>TERRITORY OF GUAM; DEPARTMENT OF ADMINISTRATION, GENERAL SERVICES AGENCY; THE OFFICE OF PUBLIC ACCOUNTABILITY; PACIFIC DATA SYSTEMS, INC.,<br><br>Defendants. | CIVIL CASE NO. 0334-13<br><br>**DECISION AND ORDER** |

This matter came before the Honorable Arthur R. Barcinas on the 29th day of April, 2013, for continued hearing on Plaintiff Teleguam Holdings LLC and Its Wholly Owned Subsidiaries' ("GTA's") Ex Parte Motion for Temporary Restraining Order. Attorneys Elyze Iriarte and Vince Camacho of Carlsmith Ball LLP represented GTA, Assistant Attorney General Fred Nishihira represented the government Defendants, and Attorney Bill Mann of Berman O'Connor & Mann represented Pacific Data Systems, Inc. ("PDS"). The Court now issues the following Decision and Order on the matter presented.

This procurement appeal arises out of the government's efforts to improve its electronic data transfer capacity. The government issued IFB GSA 064-11, soliciting a wide variety of

telecommunications equipment and services; at issue in this case is Bid Form 11 of IFB GSA 064-11, which concerned 1 Gbps and 10 Gbps broadband data transfer infrastructure and service. GTA and PDS submitted bids. GTA submitted the lower bid for 1 Gbps service, but PDS submitted the lower bid for 10 Gbps service. PDS's aggregate bid for 1 Gbps and 10 Gbps service was lower. PDS was awarded the bid for both 1 Gbps and 10 Gbps service. GTA protested to the GSA, and the GSA denied GTA's protest. GTA then appealed to the OPA, which also ruled against GTA. GTA then appealed to this Court.

After the OPA's decision but before the end of the 14-day appeal window provided by 5 GCA § 5481(a), the government issued purchase orders for the delivery of the broadband services pursuant to the bid awarded to PDS. Before the Court is GTA's requested for a temporary restraining order enjoining the issuance of further purchase orders and voiding those already issued.

In order for a request for a temporary restraining order to be successful, the applicant must demonstrate that it will suffer irreparable harm in the absence of injunctive relief. *See Sule v. Guam Boad of Examiners for Dentistry, et al.*, 2011 Guam 5, ¶ 11.

In this case, based on the representations of counsel at oral argument, the Court expects that the status quo will be preserved by operation of law, without the issuance of a temporary restraining order. The Court accepts the Government's assurances, undisputed by GTA, that it will comply with 5 GCA § 5425(g) and stay further action on the procurement under appeal, including the issuance of further purchase orders, until the resolution of the appeal.

The Court also accepts the assurances of GTA's counsel and the Government's counsel at argument that the purchase orders already issued are for the delivery of services that cannot, as a practical matter, be delivered, because the necessary infrastructure has not yet been

installed. The Court expects that the survival of these purchase orders will not result in the displacement of the incumbent broadband provider, GTA, and that GTA will continue to provide broadband services to the Government during the pendency of this appeal.

GTA has not demonstrated to the Court's satisfaction that a temporary restraining order is necessary to prevent it from suffering irreparable harm. Accordingly, GTA's request is DENIED.

**IT IS SO ORDERED** this _____ day of April, APR 2.9 2013

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

APR 2 9 2013

Carl N. Perez
Deputy Clerk, Superior Court of Guam